IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                        No. CR 07-2066 JB

EFRAIN CALDERON-RAMIREZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Sentencing Memorandum for Defendant Efrain Calderon-Ramirez, filed January 9, 2008 (Doc. 14). The Court held a sentencing hearing on January 16, 2008. The primary issue is whether the Court should grant Calderon-Ramirez a downward departure on his criminal history category from IV to III, because a category IV substantially overrepresents his past criminal history and does not fairly predict his future criminal conduct. For the reasons stated at the sentencing hearing, and for the reasons stated herein, because the Court agrees with the United States Probation Office ("USPO") and the parties that a criminal history category of IV overrepresents his criminal history, and because the Court believes that, with the downward departure, the guideline range produces a reasonable sentence for Calderon-Ramirez, the Court will grant the motion for a downward departure, but will not vary from the resulting advisory guideline range, and will sentence him to the low end of the guideline range. The Court will sentence Calderon-Ramirez to 18 months imprisonment.

## FACTUAL BACKGROUND

On August 30, 1999, the United States Court of Appeals for the Northern District of Texas

imposed a sentence on Calderon-Ramirez of 96 months for re-entry of a removed alien.  See Presentence Investigative Report ("PSR") ¶ 29 at 9, disclosed December 10, 2007.  Calderon-Ramirez served that sentence for the previous reentry conviction.  See id.  Calderon-Ramirez admits that, nevertheless, he entered the United States again after serving the sentence for the conviction.  See Sentencing Memorandum for Defendant Efrain Calderon-Ramirez at 3, filed January 9, 2008 (Doc. 14)("Sentencing Memo.").  His reason for re-entry into the United States illegally was straightforward and simplistic: he could not adapt to life in Mexico after serving eight years for his prior reentry offense.  See id.

## PROCEDURAL BACKGROUND

On October 15, 2007, Calderon-Ramirez pled guilty, without a plea agreement, to a one-count information charging a violation of 8 U.S.C. §§ 1326(a) and (b), which makes illegal the re-entry of a removed alien.  See Plea Minutes Sheet, filed October 15, 2007 (Doc. 12); Criminal Complaint, filed August 29, 2007 (Doc. 1).  After he pled guilty, the United States Probation Office prepared the PSR.  The PSR calculated the total offense level at 13 and assigned Calderon-Ramirez a criminal-history score of 8, which resulted in a criminal history category of IV.  See PSR at 16.

Pursuant to the PSR, the Guideline provision is 24-30 months.  See PSR Part D, Sentencing Options at 16.  The PSR stated that there are factors that may warrant a departure:

> 59.  In this case, the defendant has a conviction for Illegal Reentry of a Deported Alien for which he received 96 months custody, followed by three years of unsupervised release.  As a result of this conviction, the defendant received three criminal history points for this conviction alone.  Additionally, due to being under a criminal justice sentence, two points were added pursuant to U.S.S.G. § 4A1.1(d) and an additional point was added pursuant to U.S.S.G. § 4A1.1(e) for being released from custody less than two years prior to the instant offense, increasing his criminal history category to IV.

> 60.  Based on the foregoing, the defendant's conviction for Illegal Reentry of a Deported Alien, resulted in the defendant receiving six criminal history points,

-2-

increasing his criminal history category to IV.  Therefore, pursuant to § 4A1.3 of the sentencing guidelines, the defendant's criminal history appears to be over-represented and a criminal history category III would more adequately represent the defendant's overall criminal record.  An offense level of 13 and a criminal history category of III results in a guideline imprisonment range of 18-24 months.

PSR ¶¶ 59, 60, at 17.

Calderon-Ramirez submitted a sentencing memorandum and requested that the Court take into consideration the information contained therein at the time of his sentencing.  See Sentencing Memo.  Calderon-Ramirez concurs with the USPO's identification of the departure issue and the conclusion that his criminal history category is significantly overrepresented.  See Sentencing Memo. at 2-3.  The United States does not oppose his request for a downward departure.

## U.S.S.G. § 4A1.3

Under U.S.S.G. § 4A1.3, the court may make appropriate adjustments if the criminal history is overstated.

In deciding whether to depart under section 4A1.3, the district court must specifically address the adequacy of a defendant's criminal history category as it reflects both the defendant's past criminal conduct and likely criminal future.  The purpose of section 4A1.3 is to allow a district court to deviate from the otherwise applicable guideline range where a defendant's criminal history, likelihood of recidivism, or both differ significantly from the typical offender for whom the applicable criminal history category was formulated.  In other words, a district court may depart when a defendant's criminal past or likely criminal future removes the defendant from the heartland of the applicable criminal history category.

United States v. Collins, 122 F.3d 1297, 1304 (10th Cir. 1997), superceded by statute on other grounds as stated in United States v. Jones, 332 F.3d 1294 (10th Cir. 2003)(noting that, "[t]he amendments contained in the PROTECT Act  modify the unitary abuse of discretion standard; the applicable analytical framework, however, remains generally consistent with the four-part test set forth in Collins.").  "The Application Notes make clear, however, that the Guidelines contemplate such a departure when, 'for example, the defendant had two minor misdemeanor convictions close

-3-

to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.'"   United States v. Garcia-Lara, 499 F.3d 1133, 1140 n.2 (10th Cir. 2007)(quoting U.S.S.G. § 4A1.3  cmt. app. n.3.).

## ANALYSIS

The seriousness of Calderon-Ramirez' offense for which the Court is sentencing him, as well as of his prior immigration offenses, relates to the international and social factors involved in the desire to maintain national security and the integrity of the borders.  Calderon-Ramirez returned to the United States in search for work and not for any nefarious intent.  He has not committed any crimes of violence and is not a threat to the public safety.  See PSR ¶¶ 20-29 at 5-9.

Calderon-Ramirez recognizes, based on his current and previous custodial status, that, if he illegally re-enters the United States again, he will face even harsher custodial status, including a potentially longer period of incarceration than what he now faces.  See Sentencing Memorandum for Defendant Efrain Calderon-Ramirez at 3, filed January 9, 2008 (Doc. 14).  In conclusion, pursuant to § 4A1.3 of the sentencing guidelines, Calderon-Ramirez' criminal history appears to be over-represented, and a criminal history category III would more adequately represent his overall criminal record.  A range of 18 to 24 months would be sufficient to meet the sentencing requirements of 18 U.S.C. § 3553 and would be "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of" 18 U.S.C. § 3553(a).  The Court will sentence Calderon-Ramirez to 18 months imprisonment.

**IT IS ORDERED** that the request in the Sentencing Memorandum for Efrain Calderon-Ramirez for a downward departure from a criminal history category of IV to III is granted.  The Court will not grant any variance from the advisory guideline range, but will sentence the Defendant to a sentence at the low end of the guideline range, to a sentence of 18 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
   Acting United States Attorney
Kimberly A. Brawley
   Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Jerry A. Walz
Walz and Associates
Cedar Crest, New Mexico

     *Attorneys for the Defendant*